IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PENSKE TRUCK LEASING, CO., L.P., a Delaware Limited Partnership,<br><br>        Plaintiff,<br><br>        v.<br><br>RION, LLC, a Nebraska Limited Liability Company,<br><br>        Defendant. | 8:07CV294<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's ("Rion") motion in limine, Filing No. 42. Rion asks this court to prohibit any witness or representative of the plaintiff ("Penske") from making any statement or using exhibits or testimony regarding Penske's claim for early termination damages. Rion contends these references are not relevant pursuant to Fed. R. Evid. 401 and 403. This case involves three separate contracts, known as the Mack lease, the Rigel lease, and the Penske-Rigel agreement. One of the contracts involves a claim for liquidated damages known as the early termination damages. The court has carefully reviewed the motion, briefs and the record and determines the motion in limine will be denied at this time.

Penske is a limited partnership organized under the laws of Delaware. Rion is a Nebraska limited liability company. Rigel was a Nebraska corporation. Rigel was either the sole or joint owner of Rion. Penske leased trucks to Rigel under two of the agreements. Penske did not lease trucks or provide service to Rion. On August 9, 2006, Rigel filed for voluntary bankruptcy. Penske retook possession of the leased vehicles and took out a $200,000 letter of credit to serve as collateral under one of the leases. On

August 2, 2007, Penske filed this lawsuit against Rion for breach of contract, alleging two types of damages. The first was for $95,797.38 for unpaid invoices. This claim is not a subject of the current motion.

The second damage amount is for $1,169,535 for early termination damages authorized under the leases. John Marvin was identified by Penske as the representative for purposes of discussing damages. During a deposition of Marvin on August 8, 2008, regarding damages calculations, Marvin stated that his termination damages calculation was wrong, and he did not have another calculation. Filing No. 44, Ex. A at 142:8-143:2; 182:19-24; 185:24-186:1. Again on August 28, 2008, Marvin stated that he had not done any other damages calculation. He also testified that he did not intend to change any of the calculations. Filing No. 44, Ex. D. at 18:12-19:9. Specifically, Marvin testified that:

> Q. Do you know what is a fair representation of Penske's damages in this case?
>
> A. A lesser number than what's stated.
>
> Q. Do you know what that number is?
>
> A. I do not.
>
> Q. Have you made any attempt to calculate that?
>
> A. I have not.

Filing No. 44, Ex. A at 142:12-18.

> Q. But we agree that the number $1,169,535 is not correct.
>
> A. Correct.
>
> Q. And you do not know what that number should be as we sit here today?
>
> A. Correct.

> Q. I'm sorry, that was a yes?
>
> A. Correct.

Filing No. 44, Ex. A, 185:24 – 186:6.  Discovery closed on September 8, 2008.

Rion argues that the early termination damages should be excluded, contending that the formula used was not contemplated in the contract at issue and is therefore irrelevant. Rion contends that Penske used the damages formula in the Penske lease for vehicles that were included under the Mack Lease. Even if relevant, Rion argues in the alternative that there must be a reasonable basis for the calculation. *Kaczkowski v. Bolubasz*, 421 A.2d 1027 (Pa. 1980).[1] Damages must be calculated to a degree of reasonable certainty. *Ware v. Rodale Press, Inc*., 322 F.3d 218, 225-26 (3rd Cir. 2003). Damages cannot be speculative, vague or contingent on unknown factors. *Id*. at 226. Rion argues there is a lack of evidence to support the damages claim, that discovery has closed, and there is no supplemental evidence to support the claim for early termination damages.

Penske contends that there are two governing law clauses in the three documents: two with Pennsylvania and one with Nebraska governing law. Nebraska governs both the Mack and Rigel lease agreements, and the Penske-Rigel agreement is governed by Pennsylvania law. Penske argues that the only relevant exhibit concerning early termination damages is a chart created by Penske. Filing No. 44, Ex. E. This exhibit lists the loss on the sale of the units that were sold. Penske relies on an Illinois case that states: "Evidence of damages is clearly relevant. Whether such evidence is speculative

---

[1] The parties dispute which law applies to this issue, Pennsylvania or Nebraska, although the parties have not yet briefed this issue and argue law from both states as well as other jurisdictions. For purposes of this motion, it does not matter which law applies, as the court would come to the same conclusion regardless. However, the court expects the parties to fully brief or stipulate to the applicable law in this case prior to trial.

must await trial where it maybe presented in context." *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 1996 WL 284940, *4 (N.D. Ill. 1996). Further, Penske contends that it has documents to support its early termination damages claim and the fact that the calculations are not entirely accurate does not exclude this claim from evidence. Penske further argues that this is an issue for the trial judge to decide in the context of trial, citing:

> Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.

*Gilmore v. Woodmen Acc. & Life Co.*, 2006 WL 1041719, *2 (D. Neb. 2006) (internal citations omitted). Penske argues that it has sufficient evidence that the trier of fact could determine damages within a reasonable degree of certainty. *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 2004 WL 627073, *3 (D. Neb. 2004) ("[P]roof of damages to a mathematical certainty is not required; the proof is sufficient if the evidence is such as to allow the trier of fact to estimate actual damages with a reasonable degree of certainty and exactness."). Penske urges the court to either deny defendant's motion or in the alternative wait until the time of trial to rule on these particular damages.

The court notes that the parties have now waived their right to a jury trial in this case. Filing No. 45. The court finds that given this fact, it is inclined to deny the motion in limine at this time and to make a determination at trial concerning admissibility and weight. *See,* e.g., 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2885, at 454-55 (2d ed. 1995) ( "In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence." ). "This is a trial to the court. Trial courts should be

4

more reluctant to exclude evidence in a bench trial than a jury trial." *S.E.C. v. Guenthner, 395 F.Supp.2d 835, 843 n.3 (D. Neb. 2005)*.

THEREFORE, IT IS ORDERED that Rion's motion in limine, Filing No. 42, is denied, but it may be reasserted at trial.

DATED this 7th day of October, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge