IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PENSKE TRUCK LEASING, CO., L.P., a Delaware Limited Partnership, | ) ) ) | 8:07CV294 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| RION, LLC, a Nebraska Limited Liability Company, | ) ) ) ) | |
| Defendant. | ) ) | |

      This matter is before the court on defendant's motion to enforce settlement pursuant to Fed. R. Civ. P. 7(b).  Filing No. 74.  The court scheduled trial in this case for November 24, 2008.  On November 24, 2008, the parties appeared before the undersigned and indicated they had settled the case.  Filing No. 71. The parties stated and agreed on the record as to the basic terms of the settlement agreement.  Filing No. 72.  One of the terms stated: "Penske will dismiss this lawsuit with prejudice."  *Id*. at 4:8-9.  The parties through their counsel stipulated further that: "all claims which could be asserted and have been asserted will be abandoned by Penske with regard to this lawsuit and the parties have agreed that going forward any lawsuits shall be brought only with regard to this settlement agreement."  *Id*. at 4:10-14.  Counsel for Penske told the court that he agreed to the terms "on behalf of Penske."  *Id*. at 6:10-18.  Counsel stated on the record that following the execution of the formal document, there would be "a ten day period to get the dismissal with prejudice."  *Id*. at 6:25-7:1.  The court gave the parties thirty days to file the dismissal papers.  *Id*. at 7:2-4.  The court then entered a text minute entry stating the case had been settled and the terms included in the record.  Filing No. 71.

As of this date the settlement agreement is not executed. The only disagreement regarding terms is that Penske now refuses to dismiss the lawsuit with prejudice. Penske argues that it does not want to dismiss this case with prejudice until the payments by Rion have been paid, which appears will occur in March of 2010. Sean McCartney, the Director of Credit and Collections at Penske, contends that he did not know what the phrase "with prejudice" meant. Filing No. 79, Ex. 2 , ¶¶ 8 and 12. Rion contends that the"dismissal with prejudice" language has been clear to the parties all along. They agreed to it during the hearing before this court, and Penske did not contest this language until very late in the drafting process. Rion asks this court to enforce the agreement and to award it attorney fees and costs.

The basic facts are as follows. On November 21, 2008, before the trial date, the parties agree to settle this case, and Rion transmits the terms, which includes dismissal with prejudice, to Penske. Filing No. 76, Ex. 2, term no. 3. Counsel for Penske responds on the same day stating that he has reviewed the agreement and "we can read the general principles into the record Monday." *Id*. at Ex. 3. On November 24, 2008, the parties appear before this court and read the agreed upon provisions to the court, one of which is the "dismissal with prejudice" language. Filing No. 72, at 4:8-14. Penske represents to the court that it agrees with these settlement terms. *Id*. at 6:10-18. Counsel for the parties tell the court that dismissal with prejudice will occur within thirty days. *Id*. at 6:19-7:14. On November 24, 2008, the court enters a text minute entry stating that settlement has been reached and dismissal papers shall be submitted withing thirty days. Filing No. 71. On November 26, 2008, counsel for Rion sends the formal agreement and release to Penske, which contains the same terms regarding dismissal as stated on the record on November

24, 2008. Filing No. 76, Ex. 4. Rion then prepares the dismissal papers. Counsel for Penske sends an email stating that Penske has some issues with the agreement but only requests one change, and that change has nothing to do with the dismissal with prejudice of this lawsuit. *Id*., at Ex 5. Penske wanted to modify the cure period to ten days. Rion agrees in the interest of getting the settlement done. *Id*., at Ex. 6. On December 10, 2008, counsel for Penske sends an email stating "now Penske's in-house counsel is involved and doesn't want to agree to an unconditional dismissal with prejudice." *Id*., Ex. 7 at 1. Rion responds that the parties agreed on the record to dismiss the case with prejudice. Penske then requests language that the dismissal with prejudice would occur after Rion makes the last payment, which is approximately March 2010. On December 15, 2008, Rion sends a demand that Penske sign the settlement agreement with the agreed upon dismissal language. *Id*., Exs. 9 and 10. According to Rion, Penske still has not responded to this December 15, 2008, request to sign the settlement agreement.

In Nebraska, "a settlement agreement made in open court on the record, agreed to by all of the parties to the litigation, and approved by the court is enforceable." *In re Estate of Mithofer*, 502 N.W.2d 454, 458 (Neb. 1993). The Eighth Circuit has held that parties "must live with the agreement entered in that courtroom." *Barry v. Barry*, 172 F.3d 1011, 1015 (8th Cir. 1999). In a diversity case such as this, "the settlement contract must be construed according to state law." *Id*. at 1013.

The court finds that the parties included all material terms in the record before this court. As late as December 5, 2008, Penske indicated that it only had one change to make, and that change did not mention the dismissal with prejudice clause. Filing No. 76, Ex. 5. In-house counsel then decided to change the dismissal language. However, it is

clear that the draft of the settlement terms on November 21, 2008, included the dismissal language enunciated in court.  The parties agreed upon the material terms including the dismissal with prejudice language, and the court finds the parties had a clear meeting of the minds on this issue.  Weeks later, after several agreed upon drafts, in-house counsel for Penske decides it does not want to dismiss the lawsuit with prejudice.  This position is unacceptable.  If Rion at some point fails to make the appropriate payments, Penske can pursue Rion under the settlement agreement.  Rion's argument that "[t]he reading into the record of the alleged agreement on Monday, November 25, 2008, was simply to alert the Court that a trial was not necessary and that the parties had reached a tentative agreement subject to approval by each party" is without merit and is disingenuous.  Filing No. 78 at 7.  The parties clearly represented to the court that they settled the case.  The parties clearly represented the agreed upon terms which included the dismissal with prejudice.  The parties clearly had a meeting of the minds on all essential elements.  *See Gerhold Concrete Co. v. St. Paul Fire & Marine Ins.*, 695 N.W.2d 665, 672 (Neb. 2005) (there must be offer, acceptance, and meeting of the minds to create a contract).  The court finds the "dismissal with prejudice" clause is one which the parties agreed to in open court and that such agreement is enforceable by this court.

Rion also requests costs and attorney fees for Penske's failure to execute the settlement.  As argued by Rion, the court has the inherent power to issue such an award, if there is no basis for the party's behavior and if there exists bad faith.  *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006); *Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 751 (8th Cir. 2004).  In this particular case, the court is not clearly satisfied that Penske's behavior rises to that level.  Accordingly, the court is not going to award attorney fees and

costs at this time. However, if Penske fails to execute the settlement agreement and dismiss this case with prejudice within seven days of the date of this order, the court will award fees to Rion.

THEREFORE, IT IS ORDERED that the motion to enforce the settlement agreement, Filing No. 74, is granted. The parties have seven days from the date of this order to execute the settlement agreement and file a motion to dismiss this case with prejudice.

DATED this 19th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge